AO 91 (Rev 11/11) Criminal Complaint (approved by AUSA Albert S Glenn)                    Complaint 2018-071

# UNITED STATES DISTRICT COURT
## for the
### Eastern District of Pennsylvania

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| REMINGTON TERRANCE COUNCIL | ) | Case No.  18- 1012-M |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| *Defendant(s)* | | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of ___ March 2, 2011 ___ in the county of ___ Philadelphia ___ in the

___ Eastern ___ District of ___ Pennsylvania ___, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S C. §1542 | Use of a passport secured by reason of a false statement |

This criminal complaint is based on these facts:

On or about March 2, 2011, at the Philadelphia International Airport, within the Eastern District of Pennsylvania, the defendant, REMINGTON TERRANCE COUNCIL willfully and knowingly used and attempted to use a passport (U S. Passport # 467040936), the issue of which was secured by reason of a false statement, in violation of Title 18, United Sates Code, Section 1542. See attached affidavit.

☑ Continued on the attached sheet.

_Complainant's signature_

William B Cook, Special Agent, HSI-ICE

_Printed name and title_

Sworn to before me and signed in my presence.

Date: ___ June 20th, 2018 ___

_Judge's signature_

City and state: ___ Philadelphia, PA ___        Richard A. Lloret, U.S Magistrate Judge

_Printed name and title_

18 - 1012 -m

## AFFIDAVIT

Your affiant, WILLIAM B. COOK, being duly sworn, states the following:

1.    I am a Special Agent with Homeland Security Investigations ("HSI"), a component of Immigration and Customs Enforcement, and have been so employed since July 2011. Prior to this, I was a Special Agent with the Diplomatic Security Service of the Department of State for over seven years, where my responsibilities included the investigation of passport and visa fraud. Presently, I am detailed from HSI to the Federal Bureau of Investigation ("FBI") Joint Terrorism Task Force ("JTTF") in Philadelphia, where I investigate, among other things, terrorism offenses and potential terrorist threats. I hold a Bachelor of Science in Criminal Justice from the University of Houston-Downtown, a Master of Science in Criminal Justice from Saint Joseph's University, and a Master of Arts in National Security and Strategic Studies from the United States Naval War College. Additionally, I have completed the Criminal Investigator Training Program at the Federal Law Enforcement Training Center, as well as advanced training on various topics, including identity theft and passport fraud.

2.    The statements contained in this affidavit are based upon my personal knowledge and observations, information conveyed to me by other law enforcement officers, and my review of various records, documents, and other physical evidence obtained during this investigation.  Because of the limited purpose of this affidavit, I have included only the evidence I believe necessary to establish probable cause that the individual named herein

1

has committed certain federal crimes, and not every detail known to me regarding the investigation.

3.      This affidavit is submitted in support of a criminal complaint and application for an arrest warrant charging Remington Terrance COUNCIL with violating Title 18 U.S.C. § 1542 (use of a passport obtained by false statement in application).  As described below, there is probable cause to believe that COUNCIL used a passport that he secured by falsely claiming to be R.M., a real person, and by presenting that passport when he traveled to Turkey from Philadelphia (via Chicago) on March 2, 2011.

4.      Section 1542 prohibits, as relevant here, any person from willfully and knowingly using, or attempting to use, any passport "the issue of which was secured in any way by reason of any false statement."

5.      On February 22, 2010, an individual appeared at the United States Consulate in Montreal, Canada, and executed and submitted an application for a United States passport (Form DS-11) in the name of R.M.  The application listed the applicant's name as R.M., his Social Security number as 149-XX-XXXX, and date of birth as April XX, 1990.  The applicant submitted a photograph of himself with the application.  The applicant also presented a Pennsylvania Identification Card which bore the name and identifying information of R.M., and had a photograph.

6.      I have obtained and examined a photograph of COUNCIL from an arrest in New Jersey in April of 2013.  I have also identified R.M. and have obtained an arrest photograph of R.M. taken in 2011.  I learned that R.M. is a real person whose Social Security number is 149-XX-XXXX and whose date of birth is April XX, 1990.  I have

2

compared the photograph on the passport application submitted in Montreal on February 22, 2010 with these photographs. The passport photograph matches the photograph of COUNCIL and does not match the photograph of R.M.

7.    I have learned that as part of the passport application process, the applicant must swear under oath before a U.S. consular officer or other duly authorized passport application acceptance agent that the applicant has not knowingly and willfully made false statements nor used false documents in support of the application. I have also learned that consular officers and passport acceptance agents are trained to review identification documents presented by applicants to look for signs of tampering and to compare the passport photographs presented by applicants with both the accompanying identification documents and the applicants, themselves.

8.    Acting on COUNCIL's false representations, the U.S. Department of State issued passport # 467040936, which bears R.M.'s identifying information, but a photograph of COUNCIL.

9.    On February 26, 2009, a person applied for a Pennsylvania ID card in Philadelphia. That person presented a birth certification in the name of R.M. that had been issued the day before in Camden, New Jersey. The ID card has a photo of the person who applied for the card. I have compared the photograph on the ID card with the photographs of COUNCIL and R.M.. The ID card photograph matches the photograph of COUNCIL and does not match the photograph of R.M.

3

10.     On the passport application and on the Pennsylvania ID application, the applicant's height is given as 6'1".    On his arrest record, COUNCIL's height is given as 6'1".  From his arrest record, R.M.'s height is given as 5'7".

11.     In 2009, COUNCIL was supervised by U.S. Probation Officers in the District of New Jersey under an order of supervised release following a conviction for bank fraud and credit card fraud in that district.  After failing to appear for several appointments beginning on March 11, 2009, the U.S. Probation Office sought and obtained an arrest warrant for COUNCIL for violating the terms of his supervised release. That warrant was issued on April 4, 2009.  Thereafter, the supervising U.S. Probation Officer learned that a Deputy U.S. Marshal had developed information that COUNCIL was likely in Turkey, despite there being no evidence that COUNCIL possessed a U.S. passport in his name. COUNCIL remained a fugitive until August 2011, when Deputy U.S. Marshals located and arrested COUNCIL at an apartment in Blackwood, New Jersey.

12.     In October 2011, COUNCIL's U.S. Probation Officer interviewed a manager at the Blackwood, N.J., apartment complex where the Marshals had arrested COUNCIL in August of 2011.  The U.S. Probation Officer showed the manager a photograph of COUNCIL.  The manager identified the person depicted as the tenant of the apartment where the Marshals arrested COUNCIL, but said that the person's name was R.M..  The manager also showed the U.S. Probation Officer a file for the apartment where COUNCIL was arrested and that was leased under the name R.M.  Among other things, the file contained a photocopy of a North Carolina driver license bearing the name and other identifying information of R.M., including R.M.'s date of birth, but the photograph on the license depicted COUNCIL. The license described the license-holder as a 6'01"

4

black male, which corresponds to COUNCIL's height according to various booking forms from prior arrests. The U.S. Probation Officer subsequently contacted authorities in North Carolina who confirmed the license had been fraudulently issued.

13. On March 2, 2011, a traveler using the R.M. identity and U.S. passport # 467040936, boarded a United Airlines flight from Philadelphia International Airport to Chicago, and then continued on the same reservation to Istanbul, Turkey. The traveler later returned to Philadelphia via the same route in reverse on or about March 9, 2011.

14. I have learned from an employee of United Airlines who is familiar with the airline's practices concerning checking in passengers, that in 2011, as well as at present, United Airlines complies with various requirements under the Code of Federal Regulations relating to the collection and transmission to the Department of Homeland Security certain passenger information from flight manifests. As part of these requirements, passengers are required to present identification documents to airline personnel at the airport prior to embarkation. If a passenger is traveling on an international reservation – as was the case with the passenger traveling under the R.M. identity on March 2, 2011 – that passenger must either present their passport to an airline employee at the time of check-in, or scan their passport at a self-service kiosk at the airport prior to embarkation. This is true even if the initial leg of the itinerary is a domestic flight with a subsequent connection to an international flight.

15. I have also learned that Transportation Screening Officers employed by the Transportation Security Administration review the identification documents of all travelers during the security screening process and verify that the information on the

5

identification documents matches the name on the boarding pass and that the photograph on the identification documents match the traveler before them.

16.     Based upon the foregoing, I submit there is probable cause to believe REMINGTON COUNCIL violated Title 18 U.S.C. § 1542 (use of a passport obtained by false statement in application) in that he knowingly and willfully used a passport which had been secured by reason of a false statement. I submit that the above evidence establishes probable cause to believe that COUNCIL obtained a passport by use of false statements in Montreal on February 22, 2010, and then used that passport at the Philadelphia International Airport on March 2, 2011, by presenting it to United Airlines personnel and to TSA personnel in furtherance of his travel from Philadelphia to Turkey that began on that date. I request that a warrant issue for COUNCIL's arrest on this charge. I also request that the Complaint and affidavit be sealed because if it were public it would cause COUNCIL to take action to evade arrest.

William B. Cook, Special Agent
Homeland Security Investigations

Subscribed and sworn to before me this
20th day of June 2018

RICHARD A. LLORET
United States Magistrate Judge

6